**SIDLEY AUSTIN LLP**

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
(212) 839 5300
(212) 839 5599 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

jkuster@sidley.com
(212) 839-7336

FOUNDED 1866

November 21, 2008

**By Email**

The Honorable Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 735
New York, NY 10007-1312

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 2 4 2008

*[Handwritten endorsement:]* November 24, 2008 — The Court adopts the briefing schedule set forth at pg 2 (bottom) + pg 3 (top). The Court will schedule oral argument in January, 2009. So ordered. /s/ Paul Crotty USDJ

Re:   L-3 Communications Corp. v. OSI Systems, Inc., 02-9144 (PAC)

**MEMO ENDORSED**

Dear Judge Crotty:

We represent OSI Systems, Inc. ("OSI") in the above entitled action and write pursuant to Rule 3D of Your Honor's Individual Practices to request a pre-motion conference so that OSI may file a motion pursuant to Fed. R. Civ. P. 54(d) to appeal the decision of the Clerk of this Court to tax certain appellate costs against OSI.

As your Honor knows, after a three and a half week trial, a jury found that L-3 had fraudulently defrauded its fiduciary OSI and awarded damages in the amount of $125.6 million against L-3. After this Court denied L-3's motion for judgment as a matter of law or for a new trial, on March 2, 2007, this Court entered judgment against L-3. On June 27, 2008, the United States Court of Appeals for the Second Circuit reversed in part, vacated the judgment and remanded this case for re-trial on OSI's remaining fraud claims against L-3. On or about July 11, 2008, L-3 moved in the Second Circuit for costs under Fed. R. App. P. 39(a)(4) and 39(e). In that motion, L-3 requested that the Second Circuit issue: (i) an order taxing appellate costs of docketing and reproduction incurred in connection with the appeal in the amount of $2,724.08; and (ii) an order permitting L-3 to seek to recover certain costs in this court under Rule 39(e) incurred in connection with a letter of credit issued to secure the judgment against L-3. On August 8, 2008, the Second Circuit issued an order stating only that L-3's motion "to tax the costs pursuant to FRAP 39(a)(4) is granted." The Order did not direct that this Court tax costs against OSI pursuant to Fed. R. App. P. 39(e). L-3 thereafter submitted an "Itemized and Verified Bill of Costs" including its requested $2,724.08 of appellate costs. In its proposed order, L-3 requested that the Second Circuit "prepare an itemized statement of costs taxed against Appellee OSI Systems, Inc., and in favor of L-3 Communications Corp. for insertion in the mandate." On September 11, 2008, the Second Circuit issued an Order taxing L-3's requested appellate costs of $2,724.08 against OSI. On the same date, the Second Circuit issued

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley

Copies E-mailed / Mailed / Faxed
By Chambers

# SIDLEY
SIDLEY AUSTIN LLP

The Honorable Paul A. Crotty
November 21, 2008
Page 2

its mandate, which did not, and does not, include or direct that this Court tax costs under Fed. R. App. P. 39(e).

After the issuance of the Second Circuit's mandate, on October 3, 2008, L-3 filed a Bill of Costs under Local Rule 54.1 requesting that the Clerk of this Court tax certain appellate costs under Fed. R. App. P. 39(e). On November 13, 2008, OSI timely filed its objections to L-3's request. On November 14, 2008, OSI and L-3 appeared before the Orders and Judgments Clerk of this Court for a hearing. The clerk, having explained he was not passing judgment on any legal arguments, made certain deductions for improperly claimed costs, and entered a bill of costs against OSI in the amount of $2,069,666.19. OSI now moves within the five day period specified in Fed. R. Civ. P. 54(d)(1) to appeal the decision of the clerk taxing costs against OSI.[1]

As OSI will explain further in its motion, absent a specific directive from the Second Circuit ordering this Court to tax costs under Fed. R. App. P. 39(e), this Court may not tax appellate costs. See, e.g., Golden Door Jewelry Creations, Inc. v. Lloyd's Underwriters Non-Marine Assoc., 117 F.3d 1328, 1340 (11th Cir. 1998) ("Rule 39(a) leaves the imposition of costs to the discretion of the appellate court where the lower court judgment is affirmed in part, reversed in part or vacated. In exercising this discretion, a court must provide a specific directive. . . . Where this court's order fails to explicitly grant a class of costs, we must interpret that silence as a rejection of those costs."); Conway Groves, Inc. v. Coopers & Lybrand, 158 F.R.D. 505, 507 (M.D. Fla. 1994) ("the Circuit Court addressed only those costs to be taxed by the Clerk of that Court. The Court was silent upon those costs taxed by the Clerk of the District Court, those governed by Rule 39(e). Because Rule 39(a) vests the discretion to allocate costs in the Circuit Court, the District Court must otherwise apply the default allocation of Rule 39(a). This Court may neither ignore nor expand the Circuit Court's mandate."); see also, e.g., Chapman v. Choicecare Long Island Long Term Disability Income Plan, No. 98-CV-4475(DRH)(ARL), 2007 WL 1467146, at *14 (E.D.N.Y. May 16, 2007) ("To interpret 'the court' in (a)(4), and elsewhere in Rule 39(a) for that matter, as including the district court would be out of sync with the manner in which the Rule is construed . . . . I am not authorized to grant Plaintiff the costs incurred on appeal").

OSI and L-3 have discussed a briefing schedule for OSI's motion, and, subject to the Court's approval, have agreed that the parties will file letter briefs (not to exceed five pages for opening and opposition briefs, and not to exceed two pages for any reply) according to the following schedule:

- OSI will file its opening letter brief on or before December 3, 2008;

---

[1] Counsel for L-3 has agreed that by the filing of this letter, OSI has objected to the clerk's decision within the five day period specified in Fed. R. Civ. P. 54(d)(1).

# SIDLEY
SIDLEY AUSTIN LLP

The Honorable Paul A. Crotty
November 21, 2008
Page 3

- L-3 will file its opposition letter brief on or before December 17, 2008; and

- OSI will file its reply letter brief on or before December 24, 2008.

The parties also respectfully request oral argument on OSI's motion at a date and time convenient to the Court.

In addition, OSI also respectfully requests that this Court schedule a pre-trial conference to discuss scheduling and other matters necessary to be resolved prior to the re-trial of OSI's fraud claims.

We are available to discuss these, and any other, issues at the Court's convenience.

Respectfully submitted,

John J. Kuster

cc: Howard J. Rubinroit, Esq. (by email)
Donald B. Verrilli, Jr., Esq. (by email)
Ian Heath Gershengorn, Esq. (by email)